UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISHA POOL** | **CIVIL ACTION NO. 15-6658** |
| **VERSUS** | **SECTION "N"(2)** |
| **UNITED STATES OF AMERICA** | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE WILKINSON** |

\* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**THE UNITED STATES' UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

**MAY IT PLEASE THE COURT:**

Federal Defendant, the United States of America ("Federal Defendant"), through the undersigned Assistant United States Attorney, respectfully submits the memorandum in support of its motion to dismiss the above-captioned matter due to lack of subject-matter jurisdiction. Plaintiff, Chrisha Pool ("Plaintiff"), filed her complaint in this matter prior to exhausting her administrative remedies in accordance with 28 U.S.C. § 2675(a) of the Federal Tort Claims Act, 28 U.S.C. § 2761 *et seq.* ("FTCA"). Due to her failure to exhaust, Plaintiff's complaint is premature and, under the FTCA, this matter must be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Prior to filing, the undersigned provided Plaintiff's counsel with a copy of this motion and its attachments. Plaintiff's counsel indicated that he does not oppose same, and that a new, timely lawsuit will be filed at counsel's earliest convenience.

## BACKGROUND

Plaintiff alleges she was involved in a motor vehicle collision on or about July 9, 2013.[1] According to Plaintiff, Robert William Fullerton, II ("Fullerton") was the driver of the other vehicle, and, at the time of the collision, Fullerton was operating a USPS-owned vehicle in the course and scope of his employment with USPS.[2] As a result of the alleged collision, Plaintiff asserts a negligence claim against the United States of America pursuant to the FTCA.[3]

Following the alleged collision, Plaintiff mailed a Standard Form 95 (Claim for Damage, Injury, or Death) to USPS on June 15, 2015. USPS received the claim on June 18, 2015.[4] By letter dated June 24, 2015, USPS acknowledged it had received Plaintiff's claim on June 18, 2015, and that the agency had six months to review the claim—that is, until December 18, 2015.[5] Plaintiff filed this lawsuit on December 10, 2015.[6] As of that date, USPS had not denied Plaintiff's administrative tort claim in writing, nor had the claim been pending before the agency without final disposition for at least six months.[7] USPS formally denied the claim in writing on February 9, 2016.[8]

## LAW AND ARGUMENT

**A. Rule 12(b)(1)**

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

---

[1] R. Doc. 1 at ¶ 4.
[2] R. Doc. 1 at ¶ 5.
[3] R. Doc. 1 at ¶ 5. Although Plaintiff originally sued the USPS and Fullerton, the United States was substituted in their place as the sole party Federal Defendant in accordance with the FTCA. *See* R. Doc. 17.
[4] *See* Declaration at ¶ 5 and Exhibit A.
[5] *See* Declaration at ¶ 6 and Exhibit B.
[6] *See* R. Doc. 1.
[7] *See* Declaration at ¶ 8.
[8] *See* Declaration at ¶ 7 and Exhibit C.

adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). Furthermore, a Rule 12(b)(1) motion "permits the court to consider a broader range of materials" than when resolving a Rule 12(b)(6) motion. *Williams v. Wynne*, 533 F.3d 360, 364, 365 n.2 (5th Cir. 2008). Consequently, when considering a Rule 12(b)(1) motion, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the Court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). Finally, the party asserting jurisdiction—here, Plaintiff—bears the burden of establishing that the Court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. The FTCA's Jurisdictional Prerequisites

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. *Id.* The terms of the United States' consent to be sued in any court defines that court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

The FTCA is a limited waiver of sovereign immunity which makes the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the course and scope of their federal employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA further provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 107 (1993). The FTCA's exhaustion requirement provides in relevant part that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

*See* 28 U.S.C. § 2675(a).

As the Supreme Court explained in *McNeil*, "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112. Thus, an action which is instituted before the claim either is denied in writing by the agency to which it was presented, or six months have elapsed without the claim's final disposition, is premature and must be dismissed for lack of subject-matter jurisdiction. *See Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *see also Garzon v. Luttrell*, 24 F. App'x 400, 402 (6th Cir. 2001); *Estate of Barrett v. United States*, 462 F.3d 28 (1st Cir. 2006); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Plyler v. United States*, 900 F.2d 41, 42-43 (4th Cir. 1990).

The date that an agency receives the claim is the relevant date for determining the six-month period. *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 2010 WL 323898, at *3 (E.D. La. Jan. 21, 2010) ("[T]he date FEMA received Wright's administrative claim, March 20, 2009, is the date relevant to determining whether he exhausted his administrative remedy before filing suit—not the date on which he signed his administrative claim form. Indeed, an FTCA administrative claim is deemed presented only upon receipt by the Federal agency." (citing 28 C.F.R. § 14.2(a)) (Engelhardt, J.). In addition, six months means "six months," and not 180 days.

*North v. United States*, 2013 WL 766337, at *2 (M.D. Tenn. Feb. 28, 2013). Finally, a plaintiff cannot cure the defects of a prematurely filed complaint through delaying service until after the six-month period expires, filing an amended complaint after the six-month period expires, or pointing to the agency's written denial that is issued after the lawsuit is filed. *See Reynolds*, 748 F.2d at 292-93; *see also Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." (citing *McNeil*, 508 U.S. at 106)); *Wise v. United States*, 2011 WL 2600485, at *1-2 (E.D. Tex. June 28, 2011) (dismissing lawsuit for lack of subject-matter jurisdiction when lawsuit was filed less than six months after claim was submitted to agency, and the agency issued its written denial after lawsuit was filed); *Robinett v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 1822933, at *2 (E.D. La. Aug. 8, 2002) (Vance, J.) (declining to stay matter while plaintiff exhausted administrative remedies because the court lacked subject-matter jurisdiction).

As Plaintiff filed this lawsuit on December 10, 2015—before the six-month period expired on December 18, 2015, and before the USPS denied the claim in writing—Plaintiff failed to exhaust her administrative remedies under the FTCA prior to filing suit. *See* 28 U.S.C. § 2675(a). Therefore, the matter must be dismissed without prejudice due to lack of subject-matter jurisdiction. *Reynolds*, 748 F.2d at 292-93; *North*, 2013 WL 766337, at *2.

## CONCLUSION

Subject-matter jurisdiction must exist at the time a lawsuit is filed. *Gregory*, 634 F.2d at 204 (stating § 2675 "requires that jurisdiction must exist at the time the complaint is filed"). Likewise, "suits against the government under the FTCA must be filed in strict compliance with its provisions." *Reynolds*, 748 F.2d at 292. In light of these mandates, Federal Defendant

respectfully submits that it is not filing the instant motion to unduly delay these proceedings, or for any other improper purpose. Rather, Federal Defendant seeks to protect any judgment this Honorable Court may eventually enter regarding Plaintiff's alleged claims, as subject-matter jurisdiction is an issue that may be raised at any time, even by the U.S. Court of Appeals for the Fifth Circuit *sua sponte* on appeal. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) ("A lack of subject matter jurisdiction may be raised at any time, which means we can examine the district court's jurisdiction for the first time on appeal." (footnotes omitted)).

**WHEREFORE,** for the foregoing reasons, Federal Defendant, the United States of America, prays that its unopposed motion to dismiss be granted, and that the above-captioned matter be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 1st day of April, 2016.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

   */s/  K. Paige O'Hale*
**K. PAIGE O'HALE**
NC Bar No. 44667, LA Bar No. 35943
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3155
Fax: (504) 680-3174
Paige.OHale@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically and/or by first-class mail, postage prepaid, on this 1st day of April, 2016, on counsel for all parties.

                                           */s/ K. Paige O'Hale*
                                           **K. PAIGE O'HALE**
                                        Assistant United States Attorney